AYRES, Judge.
This is an action under the collision and upset clauses of an insurance policy covering a 1966 model Chevrolet truck which was admittedly damaged beyond repair in an accident October 19, 1966. Plaintiff sought recovery of the sum of $1,678.00, together with 12% thereof as penalties and a reasonable attorney’s fee. From a judgment in plaintiff’s favor for only the principal of the claim asserted, plaintiff appealed. Defendant, by answer to the appeal, seeks a reduction in the judgment to $1,451.46.
The questions presented relate, first, to the value of the truck at the time of the accident and, second, to plaintiff’s right to recover penalties and an attorney’s fee. On the first of these questions the controversy concerns primarily the purchase price of the truck and its depreciation based upon its use.
The record reflects that plaintiff acquired the truck March 16, 1966, for a price of $2,420.00, which was $344.15 off the list price. Under the evidence adduced, we think the price paid in this case is fairly indicative of the value of the truck at the time of its purchase. This finding is moreover supported by the testimony of the salesman and the sales manager of the dealer who sold the truck. This conclusion is also in accord with that reached in Stone v. Commercial Fire & Casualty Co., 50 So. 2d 327 (La.App., 1st Cir.1951).
A more controversial question concerns the method of calculating the depreciation of the truck through its use prior to the accident. At this point it appears appropriate to emphasize that seven months and three days elapsed from the date the truck was purchased until its involvment in the accident. During this period the truck had been driven 12,771 miles.
A method of calculating the depreciation is based upon the period of use of a vehicle as compared with the life expectancy of the vehicle when purchased new and subjected to ordinary use. McMahon v. Manufacturers Casualty Insurance Co., 227 La. 777, 80 So.2d 405 (1955); Stone v. Commercial Fire & Casualty Co., supra. These cases calculated the life expectancy of motor vehicles purchased new and subjected to ordinary use at four years.
Defendant contends, however, that the truck involved here was subjected to excessive use. The contention is based upon the approximate mileage of 1,800 per month which the truck was driven, to the wear of the tires, and to splotches of paint on the truck bed. In this respect, the record establishes that plaintiff is a painter and the truck was used as a means of conveyance to and from his work as well as for the transportation of the supplies and implements of his occupation. For these reasons, defendant urges that the depreciation should be calculated on the basis of five cents per mile which the truck has been driven.
The record, in our opinion, does not establish that the truck was subjected to more than ordinary use. Mere wear of the tires is a matter incidental to ordinary use of a motor vehicle, and it would not appear unusual, because of plaintiff’s occupation and the transport of paints and other supplies, that the truck bed would become splotched with paint. Nor can we conclude from the speedometer reading that the truck had been subjected to more than ordinary use. Hence it would be inappropriate to calculate the truck’s depreciation upon a mileage basis.
Applying one of defendant’s suggested methods of establishing depreciation, in order to arrive at the truck’s value at the time of the accident, we calculate such to have been $1,730.32. For instance, on a valuation of $2,420.00, the depreciation, calculated on a 4-year period as the life expectancy of the vehicle, would be at the *123 rate of $605.00 per year. The truck was in use for a period of 217 days. For that period of time, the depreciation would be 21%65 of $605.00 or $359.69. Additional deductions are $100.00 prescribed under a policy provision and $229.99 as the value of the salvage and storage of the damaged vehicle. Our estimation compares favorably with the determination of $1,770.01 made by the trial judge.
The trial court predicated its conclusion as to the truck’s value at the time of the accident upon the testimony of witnesses who were familiar with the vehicle. This is, and we so recognize, an established method of arriving at the valuation of property. In employing either method, the respective evaluations exceed the amount claimed. The judgment, however, may not, under these circumstances, be amended to allow an increase over the claim.
Neither of the methods of appraisal is exclusive. As pointed out in McMahon v. Manufacturers Casualty Insurance Co., 227 La. 777, 80 So.2d 405, 408:
“It is difficult to recognize or accept any fixed rule in determining an exact value of an automobile, whether totally or partially damaged; nor can any Blue-book Guide, fixing in a general sense respective valuations of automobiles, be adopted by us. We are, therefore, compelled to resort to given and existing circumstances in relation to its age and prior use in fixing a valuation.”
With regard to plaintiff’s claim for penalties and an attorney’s fee, the statute LSA-R.S. 22:658, so far as it is pertinent, provides that failure to make payment of claims within 60 days after receipt of proof of loss and demand therefor, when the failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12%' of the loss or 12% of the difference between the amount paid or tendered and the amount found to be due, together with a reasonable attorney’s fee. This statute’ is penal in character and its provisions must be strictly complied with as well as in like manner construed. Robicheaux v. Calvert Fire Insurance Company, 171 So.2d 264 (La.App., 1st Cir.1965).
Prior to the institution of this action $1,795.00 was offered, less the $100.00 deductible provided by the policy. After the filing of this suit, plaintiff was offered $1,895.00, but the offer was again refused. In view of these offers and their refusal, and the fact that plaintiff’s principal claim was limited in his petition to $1,678.00, it cannot be said that defendant’s failure to pay was arbitrary, capricious, or without probable cause.
For the reasons assigned, the judgment appealed is affirmed. Plaintiff-appellant is assessed with the costs of this appeal.
Affirmed.